UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| ARTAK OVSEPIAN, | Case No. ED CV 25-01937-MEMF (DFM) |
|---|---|
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| PAMELA BONDI et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

Petitioner objects to the Magistrate Judge's findings with regards to a lack of irreparable harm absent a transfer back to this district. *See* ECF No. 16. In particular, Petitioner points to the fact that his whereabouts appear to be unknown and his access to counsel appear to still be compromised in support of his argument that he will suffer irreparable harm if he is not transferred back. While the allegations regarding his whereabouts and access to counsel are highly concerning, they do not show that he will suffer irreparable harm *if he is not transferred back to this district*. Petitioner has simply not shown that the

lack of a transfer is the cause of any irreparable harm that he has identified. Put another way, Petitioner has not shown that transfer to this district will address the access to counsel issues he has raised. Moreover, the Court simply does not have authority to order this transfer. *See Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985) (noting that where a petitioner should be transported "is within the province of the Attorney General to decide").

However, the Court notes that the Petitioner made highly credible assertions regarding his relocations and his inability to access his counsel. The government does not dispute these factual assertions nor does it dispute that Petitioner enjoys a right to counsel. Accordingly, in order to protect the Petitioner's undisputed right to counsel, the Court will order that the government determine Petitioner's whereabouts, provide his location to counsel, and facilitate Petitioner's access to counsel by August 13, 2025.

The Court therefore otherwise accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's TRO Application is GRANTED IN PART and DENIED IN PART.
2. Respondents are ordered to determine Petitioner's whereabouts, provide his location to counsel for Petitioner, and facilitate Petitioner's access to counsel no later than August 13, 2025.
3. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents shall not remove Petitioner to a third country, i.e., a country other than the country designated as the country of removal in Petitioner's final order of removal (Armenia), without written notice to both Petitioner and Petitioner's counsel. Following notice, Petitioner must be given a meaningful opportunity,

and a minimum of ten (10) days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings

4. This TRO shall take effect on August 8, 2025, and expires on August 22, 2025. The TRO may be extended for good cause or upon Respondents' consent.

5. Respondents are ORDERED TO SHOW CAUSE on August 20, 2025, at 11:00 a.m. why a preliminary injunction should not issue. See L.R. 65-1. Petitioner may supplement his TRO Application no later than August 13, 2025, and Respondents must file any written response to the Order to Show Cause no later than August 15, 2025. Petitioner may file a reply no later than August 18, 2025.

6. The Court refers the Order to Show Cause to the Magistrate Judge for preparation of a Report and Recommendation under 28 U.S.C. § 636 and General Order 05-07.

Date: August 8, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge