# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ARTAK OVSEPIAN,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA BONDI et al.,<br><br>Defendants. | Case No. ED CV 25-01937-MEMF (DFM)<br><br>ORDER REGARDING PETITIONER'S EMERGENCY REQUEST TO ORDER RESPONDENTS TO TRANSFER PETITIONER BACK TO THE DISTRICT [DKT. NO. 39] |

The Court is in receipt of the Petitioner's Emergency Request to Order Respondents to Transfer Petitioner Back to the District, Dkt. No. 39, as well as the Opposition, Dkt. 40, and Reply, Dkt. 41.

The Court has previously considered a request by Petitioner to order that he be returned to the District and not transferred. Dkt. No. 20. At that time, the Court found that the decision of where to detain Petitioner is within the province of the Attorney General and that, even if that were not the case, that Petitioner had not shown that he will suffer irreparable harm if not transferred back to the District. Dkt. No. 20. Petitioner's recent request asserts that Petitioner has been transferred without notice to counsel, thereby impacting his access to counsel and potentially supporting a finding of irreparable harm.

Dkt. No 39. The Court finds that Petitioner has not yet shown that likelihood of irreparable harm due to lack of access to counsel as it appears that although counsel was not provided notice of the transfer—which was not a requirement of the Court's preliminary relief—counsel learned of the transfer expeditiously from her client. The Emergency Request is therefore DENIED WITHOUT PREJUDICE.

In his Reply, Petitioner also requests that the Court order Respondents not to deport Petitioner to Armenia without travel documents. Petitioner has not provided the Court with any authority to issue such an order, nor pointed the Court to any authority which requires that travel documents be obtained prior to deportation or that they be produced prior to deportation. This additional request is therefore DENIED WITHOUT PREJUDICE.

Nevertheless, in light of the possibility of irreparable harm if counsel is not made aware of the current location of Petitioner and unable to consult with him, and in light of the fact that a new request was made upon Reply, the Court orders that the Respondents: (1) determine Petitioner's whereabouts as soon as possible; (2) file a status report advising the Court of Petitioner's whereabouts by Thursday, October 9, 2025 at 11:30am; and (3) file a brief response (on the same deadline) to the request in the Reply that addresses the applicable law on any travel documents requirement. In addition, the Court ORDERS Respondents to provide timely notice to counsel of any further transfers in accordance with their policy.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Emergency Request DENIED WITHOUT PREJUDICE.
2. Respondents are ordered to determine Petitioner's whereabouts as soon as possible and file a status report advising the Court of Petitioner's whereabouts by Thursday, October 9, 2025 at 11:30am.

3. Respondents are ordered to file a brief response to the request in the Reply. The response shall address the applicable law on any travel documents requirement. The response shall be due Thursday, October 9, 2025 at 11:30am.
4. Respondents are ordered to provide timely notice to counsel of any further transfers in accordance with their policy.

Date: October 8, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge